**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2009

Charles R. Fulbruge III
Clerk

No. 09-20149
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUILLERMO BARREIRO MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-213-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Guillermo Barreiro Medina appeals the sentence imposed following his guilty plea convictions of conspiracy to commit bank fraud in connection with access devices and fraud in connection with access devices and aiding and abetting. He argues that the district court erred in calculating the amount of loss attributable to him as $66,588.60 and increasing his offense level by six levels based on this amount pursuant to U.S.S.G. § 2B1.1(b)(1)(D). Specifically, Barreiro Medina asserts that there was no evidence to support the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's calculation and, therefore, the district court's increase of his offense level violated *United States v. Booker*, 543 U.S. 220 (2005). According to Barreiro Medina the district court should have found him responsible only for the $12,000 actual loss that he admitted.

Barreiro Medina has not shown that the district court erred in calculating the loss amount or in increasing his offense level based on this amount pursuant to U.S.S.G. § 2B1.1(b)(1)(D). Following *Booker*, the district court was entitled to find by a preponderance of the evidence all the facts relevant to the determination of a guidelines sentencing range. *See United States v. Johnson*, 445 F.3d 793, 797-98 (5th Cir. 2006). The district court was entitled to rely on the information in the presentence report because it had sufficient indicia of reliability, and Barreiro Medina did not present rebuttal evidence to demonstrate that this information was inaccurate or materially untrue. *See United States v. Ford*, 558 F.3d 371, 376-77 (5th Cir. 2009). Further, the district court did not err in determining that Barreiro Medina should be held responsible for the full loss amount rather than the actual charges he made because he was involved in a conspiracy. *See* § 2B1.1, comment. (n.3(A)(i) and (ii)) ("Actual loss" is "the reasonably foreseeable pecuniary harm that resulted from the offense"); *see also* U.S.S.G. § 1B1.3(a)(1)(B) (defendant involved in "jointly undertaken criminal activity" should be held accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity").

AFFIRMED.